■ FRANK SCACCIA, Appellant, v SIDNEY ROSEN, Respondent.—In an action for specific performance of a real estate contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated May 8, 1987, as denied his motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 28, 1985, the plaintiff entered into a contract with the defendants to purchase the premises known as 53 Howard Avenue in Freeport. The contract was drafted by the sellers' attorney.

A rider to the contract contained a provision obliging the plaintiff to obtain a mortgage commitment for no less than $95,000, or to elect to cancel the contract by February 27, 1986. The paragraph concluded: "In the event no notice of election to terminate this contract is given by the aforesaid date, then the provisions herein contained for cancellation of the contract shall be of no effect and this contract shall continue in full force as if this condition did not exist".

A subsequent paragraph states: "The attorney for the sellers may retain $150.00 from the contract downpayment for its services in the preparation of the contract in the event: (a) the

purchasers' application for a mortgage commitment is denied by the lending institution on the basis of credit worthiness; or (b) the purchasers have failed to obtain a mortgage commitment by the date set forth above herein and the sellers have elected to cancel this contract by reason thereof." This was the sole mention in the contract of a right of cancellation by the sellers.

By letter dated February 27, 1986, the sellers wrote to the buyer that they were electing to cancel the contract, since the buyer had not timely indicated that he had received a mortgage commitment, and returned his down payment. The record does not clearly reveal what occurred from the time the letter was sent until this action was commenced approximately 2½ months later in May.

We find that that branch of the plaintiff's motion which was for summary judgment was properly denied. We note that there are outstanding issues of fact including whether the defendants had a right to cancel the contract, whether the plaintiff consented to the defendants' cancellation by not taking any action with respect thereto for some 2½ months after receipt of the defendants' letter, and whether the plaintiff was in fact ready, willing and able to close title on April 28, 1986, the closing date stated in the contract of sale, or within a reasonable time thereafter. These and other questions of fact that might arise must be resolved at a trial. Mangano, J. P., Lawrence, Rubin and Kooper, JJ., concur.